UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORGE DUENAS,<br><br>              Plaintiff,<br><br>       v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,<br><br><br><br>              Defendants. | Civil Action No. 24-cv-0464 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Jorge Duenas submitted an I-140 Immigrant Petition for Alien Worker ("I-140 Petition") to the U.S. Citizenship and Immigration Services ("USCIS"). Compl. ¶ 7, ECF No. 1. One month later, USCIS concluded that it needed additional evidence to process his I-140 Petition and sent him a Request for Evidence ("RFE"). *Id.* ¶ 8. When Plaintiff failed to respond to the RFE by USCIS's deadline, the agency denied his I-140 Petition as abandoned. *See id.*

Plaintiff has sued USCIS, Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, and Ur Mendoza Jaddou, in her official capacity as Director of USCIS, alleging that the denial of his I-140 Petition was arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(a). *See* Compl. ¶ 10. Both parties moved for summary judgment. Pl.'s Mot. for Summ. J. ("Pl.'s MSJ"), ECF No. 13; Defs.' Mot. for Summ. J. ("Defs.' MSJ"), ECF No. 14. For the reasons below, Plaintiff's motion for summary judgment will be DENIED and Defendants' cross-motion for summary judgment will be GRANTED.

Page **1** of **10**

## I.   BACKGROUND

Plaintiff, a Peruvian citizen, is an engineer currently residing in Peru. Joint Appendix ("J.A.") 0040–45. Around May 20, 2023, Plaintiff submitted an I-140 Petition. Compl. ¶ 7; J.A. 0048–49. He paid $2,500 for premium processing, which guarantees a decision within fifteen business days. *See* 8 C.F.R. §§ 106.4(e)(11), (f)(1); J.A. 0048–49. On May 24, 2023, USCIS received Plaintiff's I-140 Petition, and on May 25, 2023, USCIS sent Plaintiff a Premium Processing Receipt Notice, accepting the application as a Premium Processing case. J.A. 0048–49.

On June 7, 2023, USCIS sent Plaintiff a Request for Evidence ("RFE") stating that it "requires additional evidence to process [his] form" and that his response must be received by September 2, 2023. J.A. 0032–47. The RFE also included the following instructions:

> Please note that you have been allotted the maximum period allowed for responding to an RFE. The time period for responding cannot be extended. 8 Code of Federal Regulations (8 CFR) 103.2(b)(8)(iv). Because many immigration benefits are time sensitive, you are encouraged to respond to this request as early as possible, but no later than the deadline provided above. If you do not respond to this notice within the allotted time, your case may be denied. The regulations do not provide for an extension of time to submit the requested evidence.
>
> . . .
>
> Processing of your I-140 will resume upon receipt of your response. If you have not heard from USCIS within 20 days of responding, you may contact the USCIS Contact Center at 1-866-315-5718.

J.A. 0032.

The RFE instructed Plaintiff to mail his response to "Nebraska Service Center, P.O. Box 87103, Lincoln, NE 68501-7103." J.A. 0039. The RFE also stated: "If you choose to mail your response by courier to the Center's physical address, please write Premium Processing, P.O. Box

87103 on both sides of the envelope." J.A. 0039. The Nebraska Service Center's physical address is listed as "USCIS, Nebraska Service Center, 850 S St., Lincoln, NE 68508." J.A. 0048.

On August 31, 2023, Plaintiff sent a package via FedEx, addressed to: "Premium Processing, USCIS Nebraska Service Center, 850 South Street, Lincoln, NE 68508." J.A. 0029. The FedEx tracker indicated that the package was delivered on September 1, 2023, at 9:19 A.M., and signed for by "D. Hollaway." J.A. 0020, 0024, 0028.

On October 3, 2023, Plaintiff's counsel emailed USCIS requesting a status update on Plaintiff's I-140 Petition, noting that it was his "third email on this issue." J.A. 0018. He stated that Plaintiff "should have received a decision no later than September 15, 2023" and asked USCIS to email the decision as the agency was "trampling over any appeal rights by waiting out the clock, if denied." J.A. 0018. The next day, on October 4, 2023, his email was forwarded to the correct team for review, J.A. 0017, and on November 2, 2023, USCIS responded that it had "not received a response to the Request for Evidence" and asked counsel to provide evidence that Plaintiff had responded to their request and that it was received by USCIS. J.A. 0015.

From October 3, 2023, to January 18, 2024, Plaintiff's counsel and USCIS corresponded several times via email regarding Plaintiff's I-140 Petition. J.A. 0012–19. Plaintiff's counsel provided a FedEx tracking number as proof of mailing, *id.*, but USCIS indicated several times that it could not locate Plaintiff's response. J.A. 0008–9, 0011, 0012.

Finally, on January 18, 2024, USCIS denied Plaintiff's I-140 Petition as "abandoned," notifying him that "a response was not received by the required date" pursuant to 8 C.F.R. § 103.2(b)(13). J.A. 0030–31. In an email, USCIS explained that "the evidence provided regarding the tracking information does not display an actual tracking number, does not show

where in Lincoln the package was delivered, nor does it show the contents of the package." J.A. 0009.

In its decision letter, USCIS advised the following:

You may [] file a motion to reopen (Form I-290B, Notice of Appeal or Motion) within 30 days of the date of this decision with the proper fee. . . . A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

. . .

The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period.

J.A. 0030.

From January 25, 2024, to March 6, 2024, Plaintiff continued to email USCIS about the I-140 petition. J.A. 0001–9. On February 29, 2024, USCIS responded that "[t]he package was addressed to 850 'South' St., which is incorrect. The address should have been 850 'S' St. This appears to be the issue." J.A. 0004. Plaintiff then requested that the agency "entertain [Plaintiff] submitting a response the [sic] the rfe under these extreme circumstances where no decision was rendered for as long as it was—and the package was sent just down the street[.]" J.A. 0004. He added that "the paralegal responsible has already been terminated." J.A. 0004. On March 4, 2024, USCIS emailed Plaintiff stating that "USCIS has determined the abandonment will remain. The RFE response was addressed and sent to an incorrect address and not down the street from our building." J.A. 0003.

On February 16, 2024, Plaintiff sued USCIS, alleging that its denial of Plaintiff's I-140 Petition was arbitrary, capricious, and an abuse of discretion under the APA. *See* Compl. ¶ 10. On September 15, 2024, Plaintiff moved for summary judgment, and Defendants cross-moved on October 31, 2024. Pl.'s MSJ; Defs.' MSJ.

## II.     LEGAL STANDARD

The court applies a different standard to summary judgment motions under Federal Rule of Civil Procedure 56(a) when evaluating agency action under the APA. *See Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009). In APA cases, the court must "decide, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Calloway v. Harvey*, 590 F. Supp. 2d 29, 36 (D.D.C. 2008) (cleaned up); *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) ("The entire case on review is a question of law," and the court should only consider "arguments about the legal conclusion to be drawn about the agency action.").

Under the APA, a court will set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," contrary to statute, or unsupported by substantial evidence. 5 U.S.C. § 706(2)(A); *see Am. Horse Prot. Ass'n. v. Lyng*, 812 F.2d 1, 4 (D.C. Cir. 1987); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins.*, 463 U.S 29, 43 (1983) (The agency must examine the relevant data and articulate a satisfactory explanation for its action, including a "rational connection between the facts found and the choice made.").

Agency action is arbitrary and capricious if:

> [T]he agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

*State Farm Mut. Auto. Ins.*, 463 U.S at 43.

"The arbitrary and capricious standard is deferential; it requires that agency action simply be 'reasonable and reasonably explained.'" *Cmtys. for a Better Env't v. EPA*, 748 F.3d 333, 335 (D.C. Cir. 2014) (quoting *Nat'l Tel. Coop. Ass'n v. FCC*, 563 F.3d 536, 540 (D.C. Cir. 2009)); *see*

*also Kennecott Greens Creek Mining Co. v. Mine Safety and Health Admin.*, 476 F.3d 946, 954 (D.C. Cir. 2007) ("[The] standard of review under the arbitrary and capricious test is only reasonableness, not perfection."). "[A] court is not to substitute its judgment for that of the agency." *F.C.C. v. Fox Tel. Stations, Inc.*, 556 U.S. 502, 513 (2009).

An Article III court must not "conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). This is especially the case "in the field of immigration," where "there may be sensitive issues lurking that are beyond the ken of the court." *Huashan Zhang v. U.S. Citizenship & Immigr. Servs.*, 344 F. Supp. 3d 32, 60 (D.D.C. 2018) (quoting *Fox v. Clinton*, 684 F.3d 67, 80 (D.C. Cir. 2012).

### III. ANALYSIS

Based on the record evidence, the court finds that USCIS's decision to deny Plaintiff's I-140 Petition was not arbitrary, capricious, or an abuse of discretion.

First, Plaintiff argues that USCIS failed to provide him with a timely decision on his I-140 Petition—even though he paid for a premium processing service—when USCIS denied Plaintiff's application on January 18, 2024, "118 business days after the case should have been decided." Pl.'s MSJ at 10. Although the processing timeframe for this type of I-140 application is 15 business days, 8 C.F.R. § 106.4(e)(11) ("Petition for classification under section 203(b)(1)(A) of the Act: 15 business days"), the service guarantees that USCIS will either "issue an approval notice, denial notice, a notice of intent to deny, or a request for evidence within the premium processing timeframe"—not that the agency will affirmatively deny or approve the application within 15 days. *See* 8 C.F.R. § 106.4(f)(1).

Moreover, according to the regulations, "[i]n the event USCIS issues a . . . request for evidence[,] [] the premium processing timeframe will stop and will recommence with a new timeframe . . . on the date that USCIS receives a response to the . . . request for evidence." 8 C.F.R. § 106.4(f)(3).  USCIS's RFE also specified: "Processing of [Plaintiff's] I-140 will resume upon receipt of [a] response." J.A. 0032.  USCIS therefore followed the relevant regulations when it paused processing Plaintiff's I-140 Petition while it waited to receive Plaintiff's response.  USCIS was not, as Plaintiff argues, required to adjudicate Plaintiff's I-140 Petition "no later than September 25, 2023," which Plaintiff counts as 15 business days from the RFE deadline of September 2, 2023.  Pl.'s MSJ at 9.  Because the regulations do not impose this timeline on the agency, the court finds that USCIS acted in accordance with the relevant regulations in adjudicating Plaintiff's I-140 Petition.

Second, Plaintiff argues that USCIS failed to consider arguments or evidence that he presented in his response to the agency.  Pl.'s MSJ at 10–11.  He argues that the FedEx tracker confirms that an individual, "D. Halloway," signed for the package, the package was never returned, "there was never any correspondence from an individual regarding incorrectly receiving a 11lb package addressed to the [Nebraska Service Center]," and Plaintiff's counsel emailed USCIS several times regarding the package delivery.  *Id.*

USCIS contends that it never received Plaintiff's response to the RFE and points out that Plaintiff sent his response to the incorrect address.  Defs.' MSJ at 4.  USCIS finally denied Plaintiff's I-140 Petition as abandoned on January 18, 2024 because Plaintiff was "given eighty-seven (87) days in which to submit additional evidence in support of the . . . petition" and USCIS did not receive a response by the deadline, September 2, 2023.  J.A. 0030–31; *see* 8 C.F.R. § 103.2(b)(13)(i) ("If the petitioner . . . fails to respond to a request for evidence . . . by the required

date, the [] request may be summarily denied as abandoned, denied based on the record, or denied for both reasons.").

From the record, it is unclear whether Plaintiff's package was ever delivered to USCIS because the recipient address on the FedEx tracker, *see* J.A. 0020–29, is not the address that USCIS provided in the RFE. J.A. 0039–48. Plaintiff was instructed to mail his response to the Nebraska Service Center's P.O. Box, which he did not do, or to the physical address at "850 S St." J.A. 0039. Two days before the RFE deadline, Plaintiff instead sent his response to "850 South Street." J.A. 0020–29.

Contrary to Plaintiffs' argument, a FedEx tracking number and confirmation of delivery to an incorrect address, without indication of the package's contents, does not confirm whether USCIS received the package, and Plaintiff does not point to any authority or regulation obligating USCIS to treat that information as confirmation of receipt. The RFE clearly stated that "[b]ecause many immigration benefits are time sensitive," Plaintiff was "encouraged to respond to this request as early as possible, but no later than the deadline provided above," his response time could not be extended, and failure to respond within the allotted time could result in denial. J.A. 0040. The RFE also instructed Plaintiff that if he had "not heard from USCIS within 20 days of responding," he could contact the USCIS Contact Center at 1-866-315-5718. J.A. 0040. But Plaintiff does not contend that he did so. Given the above, the court finds that USCIS's explanation for its decision did not run counter to the evidence before it. USCIS examined the relevant data, made a decision in accordance with the relevant regulations, and ultimately articulated a rational connection between the facts found and the choice made when it denied Plaintiff's I-140 Petition.

Third, Plaintiff argues that USCIS's delay in responding to his emails after the January 18, 2024 denial, "effectively barr[ed] Plaintiff from filing a comprehensive I-290B Motion to Re-

Open, as there was a 30 day time limit to submit a substantively completed I-29B [sic]." Pl.'s Reply to Cross-Mot. Summ. J. at 4, ECF No. 16. He states that USCIS informed him on February 29, 2024—11 days after the deadline to appeal—that he sent the package to the incorrect address. Pl.'s MSJ at 11. He also argues that his daughter had turned 21 years old by the time he finally received his denial, meaning that she could no longer be considered as a dependent on Plaintiff's application. *Id.* at 10.

The record does not suggest that USCIS was "run[ning] out the clock," J.A. 0007, as Plaintiff described in an email, or that USCIS in any way prevented Plaintiff from either submitting a new application or appealing the agency's decision. In its denial letter, USCIS explained Plaintiff's two options: either "file a new application with a new fee," or "file a motion to reopen (Form I-290B, Notice of Appeal or Motion) within 30 days of the date of this decision." J.A. 0030. Rather than filing the appropriate motion to appeal the decision—the deadline of which was February 17, 2024—Plaintiff proceeded to email USCIS from January 25, 2024, until March 6, 2024, asking USCIS to reconsider its decision. J.A. 0007, Jan. 25, 2024 email to USCIS ("I already provided evidence the RFE was received."); J.A. 0005, Jan. 25, 2024 email to USCIS ("Please see attached receipt with tracking information as well as attached delivery confirmation. I want this RESOLVED TODAY!"); J.A. 0004, Feb. 28, 2024 email to USCIS ("Would the service entertain us submitting a response the [sic] the rfe under these extreme circumstances where no decision was rendered for as long as it was—and the package was sent just down the street?").

Plaintiff did not file a new application or an appeal motion within 30 days—the latter of which provided him the chance to present evidence that the decision was erroneous for several reasons, including that "the request for . . . additional information . . . was complied with during the allotted period." J.A. 0030. If Plaintiff did not want to file a new application because his

daughter was close to aging out, he could have elected to submit an appeal.  But he chose not to. Rather than respond to his two options in the agency's decision letter, Plaintiff filed suit in this court and continued to email the agency with the same tracking number information through March 2024.  Under these circumstances, the court will not disturb the agency's conclusion.

### IV.     CONCLUSION

For the foregoing reasons, the court will DENY Plaintiff's Motion for Summary Judgment, ECF No. 13, and GRANT Defendants' Cross-Motion for Summary Judgment, ECF No. 14.  An Order will accompany this Memorandum Opinion.

Date: July 14, 2025

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge